LOTTINGER, Judge.
This is a suit involving an appeal from, the judicial review of a final decision of the Louisiana Real Estate Commission which ordered the revoking of the real estate brokers’ licenses of Maurice W. Shannon and Shannon Real Estate, Inc. The Lower Court rendered judgment affirming the ruling in favor of defendant-appellee, Louisiana Real Estate Commission, and against plaintiffs-appellants, Maurice W. Shannon and Shannon Real Estate, Inc. The petitioner has filed this appeal from the judgment of the Lower Court.
The plaintiffs-appellants are charged with violation of R.S. 37:1454(A) (1), (5) and (10) as follows: R.S. 37:1454
“A. The commission may suspend or revoke any license issued under the provisions of this Chapter if a licensee is guilty of performing or attempting to perform any of the following acts:
“(1) Making any false promises or any substantial misrepresentation; QJ. * * *
“(5) Any conduct which demonstrates unworthiness, incompetency, bad faith or dishonesty; or * * *
“(10) Any other conduct not specifically described in this Section which is contrary to the established practices of real estate or business chance brokers and which is fraudulent or dishonest or designed to mislead the client or the public; or * * * f*
These charges grew out of the following factual situation. Mrs. Henrietta Faust Bordelon desired to sell her property located at 1215 Clearview, Metairie, Louisiana, and to purchase property located at 1612 North Turnbull, Metairie, Louisiana, the record establishes that Mrs. Bordelon did not have sufficient funds to purchase the Turnbull property. In order to make the purchase, it is apparent that she had to first sell her house on Clearview in order to obtain the necessary funds for this purchase.
Mrs. Bordelon executed offers to purchase the Turnbull property, and Holiday Enterprises, Inc., hereafter referred to as Holiday, agreed to buy Mrs. Bordelon’s house on Clearview in an act which was headed “Guarantee Sale-Trade Plan”. The offers to purchase the Turnbull property as well as the “Guarantee Sale-Trade Plan” were all negotiated by Maurice Shannon in the capacity of an agent of Holiday.
The “Guarantee Sale-Trade Plan” provides that Holiday was to purchase the Clearview property of Mrs. Bordelon within one hundred eighty (180) days. The acts of sale for the purchase of the Turn-bull property by Mrs. Bordelon and the sale of the Clearview property by her apparently were to be held simultaneously.
The testimony before the Louisiana Real Estate Commission on June 13, 1969 reveals that the sale did not take place because Holiday, through Messrs. DeGeorge and Treadway, refused to make payment to Mrs. Bordelon for her Clearview property at the sale or even within one hundred eighty (180) days from the date of the “Guarantee Sale-Trade Plan”. Instead, at the time set for the closing of both the sale and purchase by Mrs. Bordelon, and without so informing her in advance, Holiday proposed that Mrs. Bordelon take its 360 day second mortgage note for her equity in the Clearview property. Holiday proposed that it would pay the closing costs on the purchase of the Turnbull property, which amount apparently would be applied against the note due by it to Mrs. Borde-lon. She refused this change in the written agreement, and Holiday refused to carry out the written agreement. Mrs. Borde-lon brought a complaint against Holiday and Maurice Shannon to the Louisiana Real Estate Commission, alleging that she *427 had been misled, had lost the opportunity to acquire the Turnbull property, and had incurred approximately $1,200.00 in expenses as a result of the foregoing described situation.
One point which is not clear from the record is the exact position or authority of Maurice Shannon in this transaction. Mr. Treadway, who is listed with the Louisiana Real Estate Commission as the Secretary of Holiday, stated that Mr. Shannon acted beyond his authority with Holiday in entering into the offers to purchase and “Guarantee Sale-Trade Plan” in its behalf. On the other hand Mr. Shannon is listed with the Louisiana Real Estate Commission as Holiday’s Vice President.
One other point that should be mentioned is that the offers to purchase the Turnbull property which were drawn up by Mr. Shannon and signed by Mrs. Bordelon provided that Mrs. Bordelon perform FHA required repairs so that the house on Turn-bull would pass the FHA inspection. Mrs. Bordelon performed these repairs in preparation for the purchase of the property, these repairs accounting largely for the $1,200.00 in expenses to her.
It should also be stated that the Louisiana Real Estate Commission revoked the Real Estate Broker’s License of Holiday Enterprises, Inc., Michael J. DeGeorge and/or Edwin J. Treadway in connection with this matter, which action is not before this Court.
Briefly, it is plaintiff-appellant’s position that he was blameless in the outcome of events herein, which results were solely caused by others, namely Messrs. De-George and Treadway.
It is defendant-appellee’s position that Maurice Shannon was at least in part at fault for the result of the sequence of the events here.
It is obvious from a review of the record that Mr. Shannon held himself out as an agent of Holiday with authority to enter into these contracts. If in the alternative Mr. Shannon was not so authorized for the corporation as testified by Mr. Treadway before the Louisiana Real Estate Commission, then by the mere fact that he did so he violated all three of the prohibitions set forth by the Commission in its ruling of revocation; R.S. 37:1454(A) (1), (5) and (10).
If on the other hand Mr. Shannon had authority to act for Holiday, he either acted within that authority or he did not. If he did not act within his authority, the above applies, that is, he violated R.S. 37:1454(A) (1), (S) and (10). If he acted within his authority, and it was the actions of Messrs. DeGeorge and Treadway which caused the results here, the Court still feels that Mr. Shannon was in violation of the provisions of R.S. 37:1454 by leading Mrs. Bordelon into a contract that would not be honored by a corporation he held himself out as having authority to represent and for which he was Vice President according to the records of the Louisiana Real Estate Commission. To put this in the words of the written Reasons for Judgment of the Lower Court, “Because of Holiday’s refusal to honor the purchase agreement signed by Mr. Shannon, one of its officers, the Court is of the opinion that Holiday and Mr. Shannon demonstrated bad faith and incompetency by making false promises to Mrs. Bordelon and by misleading her into believing that she could rely on the provisions of the February 10, 1969 agreement. Their conduct is grounds for revocation of a broker’s license as set forth in R.S. 37:1454(A) (1), (5) and (10).”
To look at this from a different angle, it is obvious that Mr. Shannon, if he had authority to act in this matter, should have had or should have acquired sufficient knowledge as to know what kind of terms would be acceptable to the corporation before he entered into a contract with Mrs. Bordelon on behalf of said firm. He should have used that diligence and that degree of care that an ordinary prudent *428 person would have used under like circumstances.
If Mf. Shannon knew the corporation’s terms of payment to be a 360 day second mortgage note instead of a 180 day payment in cash, he thus misrepresented said terms to Mrs. Bordelon. If he did not know the terms acceptable to the corporation, he misrepresented the. corporation’s position by entering into a contract that the corporation would not honor and upon which they defaulted. We say he misrepresented the corporation’s position because in entering into the contract calling for payment in 180 days on behalf of the corporation, he did not use the proper care or diligence to ascertain what was agreeable to the corporation, thus binding or attempting to bind the corporation to an unsatisfactory agreement which agreement he presented to Mrs. Bordelon in the form of a contract, thus eliciting her complete faith, confidence and reliance therein. This was a culpable failure to act on his part in order to ascertain the corporation’s true position and a holding out to a client of a false proposition or hope under the guise of a legal agreement with the intent of having her rely thereon.
This was a serious, irresponsible act which at least demonstrates unworthiness, incompetence and bad faith and which is apparently contrary to established practices.
One last point which further establishes the above is that Mr. Shannon permitted Mrs. Bordelon to enter into an agreement requiring her to perform FHA required repairs so that the house on Turn-bull would pass the FHA inspection. In other words, he permitted her to go into debt for repairs to property before the act of sale was finalized and obviously, from the record, before the corporation approved the agreement. Here, again, we have an act of incompetency and/or bad faith in violation of R.S. 37:1454(A) (5).
In connection with the above, the Louisiana Real Estate Commission took cognizance of the fact that Maurice Shannon is also licensed as a broker as the only active officer in real estate for Shannon Real Estate, Inc. and revoked the license of Shannon Real Estate, Inc. We agree that this is proper.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by plaintiffs-appellants.
Judgment affirmed.